NOT FOR PUBLICATION                                    (Docket No. 6)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
IN RE BAYSIDE PRISON LITIGATION     :
                                    :
ALVIN THORTON,                      :
                                    :
            Plaintiff,              :       Civil No. 09-2365 (RBK/JS)
                                    :
      v.                            :       **OPINION**
                                    :
WILLIAM H. FAUVER, et al.,          :
                                    :
            Defendants.             :
_____ :

**KUGLER**, United States District Judge:

      This matter arises out of alleged prisoner abuse at the Bayside State Prison during the "lockdown" period after the murder of a prison official in 1997. Presently before the Court is a motion by Defendants to modify the Opinion/Report of Special Master Bissell awarding Plaintiff Alvin Thorton $2,000.00 in compensatory damages. Specifically, Defendants argue that a $2,000.00 award of compensatory damages is improper because under the terms of the Special Master Agreement ("the Agreement"), the parties are bound by evidentiary and legal rulings entered in prior <u>Bayside</u> litigation trials, and this Court determined in <u>Thaddeus Schenck v. William Fauver et al.</u>, Civ. No. 97-5127, Doc. No. 530, that compensatory damages for <u>de minimis</u> injuries may not exceed $1.00. Defendants also argue that Plaintiff may not receive an

1

award of compensatory damages for de minimis injuries in this jurisdiction as a matter of law. Plaintiff argues that notwithstanding the Special Master's legal conclusion that Plaintiff's injuries were de minimis, the Special Master's factual findings demonstrate that Plaintiff's injuries were more than de miminis, and therefore Plaintiff is entitled to compensatory damages in the amount of $2,000.00.  For the following reasons, Defendants motion is granted.  The Court shall enter judgment consistent with this Opinion.

I.      BACKGROUND

The events which gave rise to this litigation are outlined in the Court's opinion in In re Bayside Prison Litigation, Nos. 08-0146, 08-0330, 08-1271, 08-2947, 08-3526, 2010 WL 3732948, at *1 (D.N.J. Sept. 17, 2010).  Therefore, the Court will outline additional facts only as necessary to resolve the present dispute.

Pursuant to Federal Rule of Civil Procedure 53(e), Special Master Bissell entered a Opinion/Report on April 16, 2010, and found as follows.[1]  (Doc. No. 5).  Plaintiff arrived at Bayside State Prison in December 1996.  Plaintiff observed the murder of Officer Baker in July 1997.  As a result, prison officials transported Plaintiff to Internal Affairs to recount his observations of the events leading up to the murder.

According to Plaintiff, the following events occurred while he was waiting to speak to Internal Affairs personnel.  After Plaintiff arrived at the administrative area, two officers forced Plaintiff to face a wall.  The officer to Plaintiff's left placed Plaintiff's left hand above his head and told him to tell the investigators everything he knew.  The officer then grabbed Plaintiff's left hand and hit it with a stick.  Plaintiff stated that at the time the officer hit his hand, he did not

---

[1] The facts alleged here are taken from the Special Master's report dated April 16, 2009.

disobey any of the officer's commands.

The Special Master made the following findings of fact regarding the altercation.  First, he found that the officer who struck Plaintiff on the thumb did, in fact, injure him.  (Doc. No. 5, at 9).  Second, the Special Master found that the pain in Plaintiff's hand was initially "acute," and that later Plaintiff experienced swelling that lasted for "a couple of days."  (Id.).  Third, the Special Master found that although Plaintiff's left pinky was "slightly deformed," he suffered "no lasting pain."  (Id.).  The Special Master summarized his findings of fact as to Plaintiff's injury as follows:  Plaintiff's "injury was acute initially and remained permanent, although without continuing pain or any significant restriction on [Plaintiff's] activities.  [Plaintiff] does . . . have a slightly deformed left pinky, but that does not cause him any continuing physical distress, nor did it for any measurable length of time after it was incurred."  (Id. at 15).

Based upon these findings, the Special Master made the legal conclusion that the injury to Plaintiff was de minimis.  Specifically, the Special Master stated "I find that in this particular case, as I've already described the nature of this injury, it is indeed deminimis [sic]."  (Id. at 14).  Importantly, the Special Master further noted:

> [T]he significance of deminimis [sic] injury, however, as a matter of law . . . is that it will not support a claim for emotional or psychological injury.  In other words, there has to be a physical injury component under the PLRA in order to support such and award, but even if there is slight injury or deminimis [sic] injury, that is not sufficient under emerging case law to satisfy the PLRA's requirement.

(Id. at 12-13).

Regarding the nature of the force the SOG officers used against Plaintiff, the Special Master reached the following legal conclusions.  First, he found that the SOG guards used

3

"excessive, unnecessary and sadistic force . . . upon [Plaintiff]." (Id. at 14).  Next, the Special Master described the SOG officer's actions as "repugnant to the conscience of mankind."  (Id. at 12).  Finally, the Special Master concluded that the SOG officer's actions were "[c]ompletely unnecessary . . . and indeed sadistic with the specific design and intent to inflict punishment through the use of entirely excessive force." (Id.).

Notwithstanding the Special Master's finding that Plaintiff's physical injuries were de minimis, however, he nonetheless recommended that this Court enter an award of compensatory damages in the amount of $2,000.00 in Plaintiff's favor.

### III.   DISCUSSION

Under the Agreement, all findings of fact by the Special Master are binding, but all conclusions of law may be reviewed de novo by this Court.  See Civ. No. 97-5127, Doc. No. 958, at ¶ 8; Fed. R. Civ. P. 53(f)(3),(4).  Moreover, pursuant to the Agreement both parties are bound by and guided by evidentiary and legal rulings entered in prior Bayside litigation trials.  Both parties agreed to terms of the Agreement.

The parties do not dispute that the officers used excessive force against Plaintiff under the standards established in prior Eighth Amendment jurisprudence.  However, the parties dispute whether the Special Master's finding that Plaintiff was entitled to $2,000.00 in compensatory damages for the injuries he sustained was appropriate.  Plaintiff argues that the Special Master "made findings that take the matter well over the threshold that use of force and an injury must cross to be more than a 'de minimis.'" (Pl.'s Br., at 2).  Specifically, Plaintiff contends that because the SOG guard's actions caused Plaintiff to suffer "acute" pain in his pinky finger and then swelling and "deformity," the Special Master erred by determining that Plaintiff's injuries

4

were de minimis.  (Id.).  On the other hand, Defendants argue that because the Special Master found that Plaintiff's injuries were de minimis, the Special Master's award of compensatory damages is improper.  Specifically, Defendants argue that because a plaintiff who suffers a de minimis injury is not entitled to an award of damages for pain and suffering, this Court should award Plaintiff damages in the amount of $1.00.  (Def.'s Br., at 2) (citing Mitchell v. Horn, 318 F.3d 523, 535-36 (3d Cir. 2003); Allah v. Al-Hafeez, 226 F.3d 247, 250-53 (3d Cir. 2000)).

    A.      Section 1997(e)

The PLRA affords federal prisoners the right to seek damages for violations of their Eighth Amendment rights.  Pursuant to 42 U.S.C. § 1997e(e), "[n]o civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. 1997e(e) (emphasis added).  Thus, in order for a plaintiff to succeed on a claim of mental or emotional injury under the PLRA, he must prove that he suffered some form of "physical injury."  Section 1997e(e) does not define the phrase "physical injury."  Connors v. Northern State Prison, No. 09-165, 2009 WL 1562240, at *4 (D.N.J. 2009).  However, the prevailing view is that "physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional.  It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks."  Luong v. Hatt, 979 F. Supp. 481, 486 (N.D. Tex. 1997); Weathington v. Bureau of Prisons, No. 09-cv-0705, 2010 WL 545294, at *2 (W.D. La. Feb. 11, 2010); Beard v. Green, No. 08-22284, 2010 WL 411084, at *5 (S.D. Fla. Jan. 20, 2010); Glosson v. Morales, 469 F. Supp. 2d 827, 830 (S.D. Cal. 2007).  Furthermore, "[i]njuries treatable at home and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e)."  Luong, 979 F. Supp. at 486.

A plaintiff may not recover compensatory damages under Section 1997(e) for merely <u>de minimis</u> injuries. Thus, in order for a plaintiff to pursue a compensatory damages award, he must demonstrate that he suffered more than a <u>de minimis</u> injury. <u>Mitchell</u>, 318 F.3d at 533. A plaintiff must show that his injuries are "less-than-significant-but-more-than-<u>de minimis</u>." <u>Id.</u>

This Court finds that the Special Master correctly found that Plaintiff's injuries were <u>de minimis</u>, but incorrectly determined that Plaintiff is entitled to compensatory damages. As previously mentioned, in order to receive an award of compensatory damages for mental and emotional injury, the plaintiff must show that he suffered more than a <u>de minimis</u> injury. The Special Master's report reveals that Plaintiff suffered pain and swelling in his pinky finger for approximately two days, but that the pain eventually subsided and Plaintiff suffered no "significant restriction of [his] activities." (Doc. No. 5, at 15). There is also no evidence in the Special Master's Report that Plaintiff sought medical treatment by a physician for his injuries. Moreover, the Special Master noted that Plaintiff's injury "does not cause him any continuing physical distress," and did not cause him any distress for any "measurable length of time after it was incurred." This type of injury simply does not warrant mental or emotional damages under the PLRA. <u>See</u> <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997) (finding that plaintiff's alleged injury of a sore, bruised ear that lasted for three days was <u>de minimis</u>); <u>but see</u> <u>Hudson</u>, 503 U.S. at *10-11 (finding that plaintiff who received "bruises, swelling, loosened teeth, and a cracked dental plate" suffered more than <u>de minimis</u> injuries). Therefore, the Court finds that the Special Master did not err in his determination that Plaintiff suffered only <u>de minimis</u> injuries.

Although the Special Master appropriately found that Plaintiff's injuries were <u>de minimis</u>, he nonetheless awarded Plaintiff $2,000.00 in compensatory damages. This determination was

erroneous. The general rule in the Third Circuit is that a plaintiff who suffers <u>de minimis</u> injuries is not entitled to compensatory damages under Section 1997e(e).[2] <u>Mitchell</u>, 318 F.3d at 533. However, a plaintiff who suffers <u>de minimis</u> injuries may seek nominal damages. <u>Id.</u> Generally, a nominal damages award signals that a "plaintiff's rights were technically invaded even though he suffered, or could prove, no loss or damage." <u>Magnett v. Pelletier</u>, 488 F.2d 33, 35 (1st Cir. 1973). Although there is no specific dollar amount a court must award for nominal damages, by nature, nominal damages awards are generally minimal. <u>Romano v. U-Haul Intern.</u>, 233 F.3d 655, 671 (1st Cir. 2000) (finding that although nominal damages are not limited to $1.00, the nature of nominal damages is such that they should be minimal); <u>Magnett v. Pelletier</u>, 488 F.2d 33, 35 (1st Cir. 1973) (finding that "$500 cannot be properly regarded as nominal damages"). Thus, "nominal damages should not be used to compensate [a] plaintiff in any substantial manner, since [the plaintiff] has shown no right to such compensation." <u>Magnett</u>, 488 F.2d at 35. While there is no statutory ceiling for the award of nominal damages, $2,000.00 surely surpasses the limit of what constitutes a "minimal" amount of compensation by any definition of the term

---

[2] Section 1997e(e)'s limitation on compensatory damages for emotional injuries does not preclude a plaintiff from seeking compensatory damages for actual injury, nominal damages, punitive damages, declaratory relief, or injunctive relief. <u>See</u> <u>Mitchell</u>, 318 F.3d at 533 ("regardless of how we construe § 1997e(e)'s physical injury requirement, it will not affect [the plaintiff's] ability to seek nominal or punitive damages for violations of his constitutional rights."); <u>Allah</u>, 226 F.3d 252 (finding that Section 1997e(e) does not bar a plaintiff's claims for nominal or punitive damages for First Amendment violations). <u>See also</u> <u>Thompson v. Carter</u>, 284 F.3d 411, 416 (2d Cir. 2002) ("Because Section 1997e(e) is a limitation on recovery of damages for mental and emotional injury in the absence of a showing of physical injury, it does not restrict a plaintiff's ability to recover compensatory damages for actual injury, nominal or punitive damages, or injunctive and declaratory relief."). However, here, Plaintiff is not entitled to any form of compensatory damages for the following reasons. First, the Special Master expressly found that Plaintiff is not entitled to punitive damages, (Doc. No. 5, at 9), and Plaintiff does not challenge that determination. Moreover, as previously mentioned, Plaintiff suffered no actual injury; rather, the Special Master correctly found that his injuries were <u>de minimis</u>. Thus, Plaintiff is not entitled to any substantial compensation for the harm to his finger. <u>See</u> <u>Pryer v. C.O. 3 Slavic</u>, 251 F.3d 448, 453 (3d Cir. 2001) ("[S]ubstantial damages should be awarded only to compensate actual injury. Where a constitutional deprivation has not caused actual injury, an award of nominal damages may be appropriate.") (internal quotations and citations omitted). Finally, there is no evidence that Plaintiff seeks declaratory or injunctive relief. Therefore, Plaintiff is not entitled to any compensatory damages for his <u>de minimis</u> injuries.

7

"nominal."[3]  Therefore, the Special Master's damages award is vacated, and Plaintiff is entitled to $1.00 in nominal damages as a result of Defendants' Eighth Amendment violation.[4]

## IV.     CONCLUSION

For the foregoing reasons, the Defendants' motion to modify the Special Master's Report is granted.  An appropriate order shall issue today.

Dated: 11/18/2010                                                       /s/ Robert B. Kugler
                                                                                ROBERT B. KUGLER
                                                                                United States District Judge

---

[3] See U.S. ex rel. Tyrrell v. Speaker, 535 F.2d 823, 829-30 (3d Cir. 1976) ("We have concluded that, as a matter of law, nominal damages may not exceed one dollar on this record); Magnett, 488 F.2d at 35 (finding that $500.00 is not a "nominal" amount of damages); Mayberry v. Robinson, 427 F. Supp. 297, 314 (M.D. Pa. 1977) ("It is clear that the rule of law in the Third Circuit is that nominal damages may not exceed $1.00) (citing U.S. ex rel. Tyrrell, 535 F.2d at 830.

[4] Defendants argue that the Special Master's award of $2,000.00 in compensatory damages was improper because this Court previously held in Schenck that damages for de mininis injuries may not exceed $1.00.  However, in Schenck, the Court did not expressly find that damages for de minimis can never exceed $1.00.  Instead, the Court merely stated that Plaintiff Schenck was entitled to $1.00 for compensatory damages and $9.00 for punitive damages.  Schenck, Civ. No. 97-5127, Doc. No. 530, at 13.  Therefore, Defendant's argument that the Court broadly stated that plaintiffs who receive de minimis injuries are entitled to a maximum of $1.00 is unavailing.